IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00952 DAE (02) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICO MARTINES, (02) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF
ACQUITTAL

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendant's motion and the

supporting and opposing memoranda, the Court **DENIES** Defendant's Motion for

a Judgment of Acquittal. (Doc. # 152.)

BACKGROUND

On September 29, 2011, a grand jury returned a two-count indictment

charging Chico Martines ("Defendant"), along with co-defendant Shane Oyama

("Oyama"), with conspiracy to manufacture and possess with intent to distribute in

excess of 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)

(Count I) and possession of in excess of 100 marijuana plants with intent to

distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count II).  (Doc.

# 1.)  The charges arose from an April 5, 2011 search of premises rented by

Defendant and Oyama at 1937 Homerule Street, during which 111 marijuana

plants were found and seized by agents of the Drug Enforcement Administration

("DEA").

On October 31, 2012, Defendant filed a Motion in Limine for an

Order Permitting Presentation of a Religious Defense ("Motion in Limine"), in

which Defendant moved the Court for an order allowing the introduction of

evidence to establish a Religious Freedom and Restoration Act ("RFRA") defense.

(Doc. # 104.)  Defendant argued that because he is a Rastafarian the drug laws

under which he was indicted substantially burden his right to practice his religion,

and therefore violate RFRA.  On November 8, 2012, the Court granted in part and

denied in part Defendant's Motion in Limine.  (Doc. # 121.)  The Court found that

Defendant was not entitled to a RFRA defense with respect to the distribution-

related offenses he was charged with.  The Court noted that the Ninth Circuit has

held that prosecution for simple possession may burden a Rastafarian's free

exercise of religion, but has never extended RFRA's protection to prosecution for

crimes involving distribution or manufacture.  Furthermore, the Court found that

the government has a compelling interest in preventing the distribution of

marijuana, and that the universal application of federal laws prohibiting

distribution is the least restrictive means of furthering that interest.

Defendant's jury trial commenced on November 7, 2012.  (Doc.

# 120.)  Defendant took the stand and admitted that he'd grown marijuana at 1937

Homerule Street.  He further testified that he is a Rastafarian and that the marijuana

plants seized by the DEA were for his personal consumption, and never intended

for distribution.  Defendant also testified that he never planned to give any of the

marijuana he grew to Oyama.  Oyama, testifying for the prosecution, stated that he

and Defendant rented the space at 1937 Homerule Street in order to cultivate

marijuana.  According to Oyama, Defendant Martines knew how to grow

marijuana and was solely responsible for its cultivation.  Oyama testified that he

built the room the marijuana was grown in and paid half the rent, and in exchange

Defendant Martines agreed to share the marijuana with him.

At the close of evidence, the Court instructed the jury as follows with

respect to Rastafarianism as a defense:

> Rastafarianism is a recognized religion and marijuana operates
> as a sacrament and plays a necessary and central role in the practice of
> Rastafarianism.  A Rastafarian's personal possession and use of
> marijuana is a valid religious defense to possession of marijuana.  The
> defendant has presented evidence that he is a practicing Rastafarian
> and that in accordance with his religious beliefs, he possessed

marijuana for sacramental use.  It is solely for you to determine whether a defendant's religious beliefs are sincerely held.

A Rastafarian's personal possession of marijuana for use in his religion is not a defense to the crime of possession of marijuana with intent to distribute.  It is not a defense to the crime of conspiracy to manufacture (cultivate) marijuana plants with intent to distribute.

(Doc. # 134 at 31.)

On November 15, 2012, the jury found Defendant guilty of Count 1, conspiracy to manufacture or possess with intent to distribute more than 100 marijuana plants.[1]  (Doc. # 148.)  The jury found Defendant not guilty of Count 2, possession with intent to distribute marijuana plants.  (Id.)

On November 29, 2012, Defendant filed the instant Motion for Judgment of Acquittal ("Motion").  ("Mot.," Doc. # 152.)  On December 7, 2012, the Government filed an Opposition to Defendant's Motion.  ("Opp.," Doc. # 154.)

---

[1] Defendant was charged in Count 1 with conspiracy to manufacture and possess with intent to distribute more than 100 marijuana plants, but proof beyond a reasonable doubt of either conspiracy to manufacture or conspiracy to possess with intent to distribute more than 100 marijuana plants was sufficient for the jury to find Defendant guilty on Count 1.  See United States v. Booth, 309 F.3d 566, 572 (9th Cir. 2002) ("When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those conjunctively charged acts may establish guilt.").  The jury's verdict form did not require the jury to specify whether the Government had proved conspiracy to manufacture, conspiracy to possess with intent to distribute, or both.  (Doc. # 148.)

DISCUSSION

Defendant moves for a judgment of acquittal pursuant to Federal Rule

of Criminal Procedure 29 ("Rule 29").  Rule 29 allows district courts to set aside a

guilty verdict and enter a judgment of acquittal "of any offense for which the

evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  In ruling

on a Rule 29 motion, a district court must determine whether "after viewing the

evidence in the light most favorable to the prosecution, <u>any</u> reasonable trier of fact

could have found the essential elements of the crime beyond a reasonable doubt."

<u>United States v. Nevils</u>, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting

<u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

The first step in this two-step inquiry requires the court to presume, even when

"faced with a record of historical facts that supports conflicting inferences," that

"the trier of fact resolved any such conflicts in favor of the prosecution, and . . .

defer to that resolution."  <u>Jackson</u>, 443 U.S. at 326.  The second step requires the

court to determine whether the evidence, so viewed, was sufficient for any

reasonable jury to find the defendant guilty beyond a reasonable doubt.  "This

second step protects against rare occasions in which 'a properly instructed jury

may . . . convict even when it can be said that no rational trier of fact could find

guilt beyond a reasonable doubt.'"  Nevils, 598 F.3d at 1164 (quoting Jackson, 443

U.S. at 317).

Defendant argues that he is entitled to a judgment of acquittal because

the jury failed to consider his Rastafarian defense when it found him guilty of

Count 1.  Defendant reasons that, because the jury found him not guilty of Count 2,

possession with intent to distribute, it necessarily did not believe that he intended

to distribute the marijuana.  Defendant then concludes that the jury must therefore

have believed him guilty only of the conspiracy to manufacture component of

Count 1, not the conspiracy to possess with intent to distribute component.

Finally, Defendant argues that "the manufacture of marijuana for personal use in

the practice of his religion is not an illegal act for Defendant" because of his

Rastafarian beliefs, and that therefore the jury should have acquitted him.

As a preliminary matter, the Court agrees with the Government that

Defendant's challenge is "not the proper subject of a motion for a judgment of

acquittal." (Opp. at 7.)  The purpose of a Rule 29 motion is to challenge the

sufficiency of the evidence to sustain a conviction.  Defendant does not dispute the

sufficiency of the evidence to convict him on Count 1.  Rather, he contends that the

jury's acquittal on Count 2 was inconsistent with his conviction on Count 1, and

that the inconsistency indicates that the jury misunderstood the nature of

Defendant's Rastafarian defense.

Defendant may not challenge his conviction on Count 1 on the basis

that it is inconsistent with his acquittal on Count 2. See United States v. Powell,

469 U.S. 57, 66 (1984) (holding that an inconsistent verdict is not reviewable).

"[W]hen the evidence is otherwise sufficient to convict, a defendant cannot

successfully challenge his conviction on one count on the ground that it is

inconsistent with his acquittal on another count." United States v. Franco, 136

F.3d 622, 630 (9th Cir. 1998); see also United States v. Marchini, 797 F.2d 759,

765 (9th Cir. 1986) ("As a general rule, inconsistent verdicts may stand, even when

a conviction is rationally incompatible with an acquittal, provided there is

sufficient evidence to support the guilty verdict."). Furthermore, for the following

reasons the Court rejects Defendant's argument that the seemingly inconsistent

verdicts reflect a failure to consider his Rastafarian defense.

First, in its November 8, 2012 Order Granting in Part and Denying in

Part Defendant's Motion in Limine, the Court did not find that Defendant was

entitled to a RFRA defense for charges relating to the manufacture of marijuana.

(See Doc. # 121.) In fact, the Court noted that the Ninth Circuit has held only that

prosecution for simple possession of marijuana may burden a Rastafarian's free

exercise of religion.  (See id. (quoting United States v. Bauer, 84 F.3d 1549, 1559 (9th Cir. 1996)).)  The Court also noted that the Ninth Circuit has held that the government's compelling interest in preventing the diversion of sacramental marijuana to nonreligious users justifies prohibitions on the manufacture of marijuana.  See United States v. Lepp, 446 F. App'x 44, 46 (9th Cir. 2011).  Accordingly, the Court instructed the jury that only personal possession of marijuana by a Rastafarian is protected by RFRA.  (Doc. # 134 at 31.)

Second, even if the Court had found that the manufacture of marijuana by a Rastafarian is protected by RFRA, the fact that the jury failed to acquit on the manufacturing charge would not establish that it had failed to consider the Rastafarian defense.  To prevail under RFRA, a defendant must prove that his religious beliefs are sincerely held.  United States v. Zimmerman, 514 F.3d 851, 853 (9th Cir. 2007).  Whether religious beliefs are sincerely held is a question of fact for the jury to decide, id. at 854, and the Court so instructed the jury, telling the jurors that it was solely their responsibility to determine whether Defendant's religious beliefs were sincerely held.  (See Doc. # 134 at 31.)  The jurors were free to draw their own conclusions about the credibility of Defendant's testimony that he was a practicing Rastafarian, and if the jury did not find Defendant credible, the Court would be barred from second-guessing that assessment.  See Nevils, 598

8

F.3d at 1170; see also Schlup v. Delo, 513 U.S. 298, 330 (1995) ("[U]nder

Jackson, the assessment of the credibility of witnesses is generally beyond the

scope of review.").  In other words, even if the Court had found that RFRA

protects a Rastafarian's right to manufacture marijuana, the jury's conclusion that

Defendant was not entitled to RFRA's protections would be essentially

unreviewable.

Ultimately, a judgment of acquittal is warranted only if the evidence

presented at trial was insufficient to sustain a conviction.  In order for Defendant to

be found guilty of Count 1, the Government had the burden of proving beyond a

reasonable doubt that (1) "there was an agreement between two or more persons to

manufacture or to possess with intent to distribute marijuana plants," and (2)

Defendant "joined in the agreement knowing of its purpose and intending to help

accomplish that purpose."  (Doc. # 134 at 19.)  The Court instructed the jury that

"possess with intent to distribute" means "to possess with intent to deliver or

transfer possession of marijuana plants to another person, with or without any

financial interest in the transaction."  (Id. at 24.)  The Court further instructed the

jury that "manufacture" means "the production, preparation, propagation,

compounding or processing of a drug or other substance."  (Id. at 28.)

The Government presented sufficient evidence to find that Defendant conspired to possess marijuana with intent to distribute and/or conspired to manufacture marijuana.  Specifically, Shane Oyama testified that he and Defendant concocted a plan to cultivate marijuana and split the harvest.  Officer Joseph Hanawahine of the Honolulu Police Department testified that in his opinion the amount of plants seized was not consistent with an amount grown solely for personal use.  Finally, Defendant admitted on the stand that he grew (i.e. manufactured) marijuana at 1937 Homerule Street, on premises that he rented with Oyama.  Viewing this evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of conspiracy to manufacture or conspiracy to possess with intent to distribute beyond a reasonable doubt.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Defendant's Motion for a Judgment of Acquittal (doc. # 152.)

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, December 21, 2012.

_____
David Alan Ezra
United States District Judge

United States v. Martines, Cr. No. 11-00952 DAE; ORDER DENYING
DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL